## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | | |
|---|---|---|
| **CESAR EDUARDO BASTIDAS PEREGRINA, JOSE LUIS MARTINEZ VASQUEZ, ALBERTO VAZQUEZ GARCIA, JESUS ABNERT HERNANDEZ NUNEZ, AND SEBASTIAN GUTIERREZ HERNANDEZ, individually and on behalf of all others similarly situated,** | ) ) ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | **CIVIL ACTION FILE NO.:** |
| **v.** | ) ) ) ) | **3:23-cv-00206-TCB-RGV** |
| **SL ALABAMA, LLC; GB2G, INC. d/b/a ALLSWELL; SPJ CONNECT INC.; and YOUNGJIN LEE, individually,** | ) ) ) ) ) | |
| **Defendants.** | ) ) | |

## JOINT MOTION FOR PRELIMINARY ORDER APPROVING CLASS ACTION SETTLEMENT AND DIRECTING NOTICE AND OTHER RELIEF

COME NOW, Plaintiffs Cesar Eduardo Bastidas Peregrina, Jose Luis Martinez Vasquez, Alberto Vazquez Garcia, Jesus Abnert Hernandez Nunez and Sebastian Gutierrez Hernandez (the "Plaintiffs") and SL Alabama, LLC, GB2G, Inc. d/b/a Allswell, SPJ Connect, Inc. and YoungJin Lee (together the "Defendants") and jointly move for a Preliminary Order Approving Class Action Settlement, Directing Notice, and Other Relief.

## I.    INTRODUCTION

This settlement is a fair and reasonable compromise of claims brought by Plaintiffs alleging violations of the Federal Racketeering Influenced and Corrupt Organization Act ("RICO"), the Trafficking Victims Protection Act ("TVPA"), the Georgia Racketeer Influenced and Corrupt Act ("State RICO"), 42 U.S.C. § 1981 ("Section 1981"), and breach of contract under Alabama state law. Plaintiffs also bring a collective action alleging violations of the Fair Labor Standards Act ("FLSA"). The Settlement Agreement between Plaintiffs and Defendants is attached hereto as **Attachment A**.

Plaintiffs believe that the claims asserted in the Action have merit and that there is evidence to support their claims. Plaintiffs, however, recognize and acknowledge the expense and length of continued litigation and legal proceedings necessary to prosecute the Action against Defendants through class certification proceedings, and ultimately trial and any appeals. Plaintiffs also recognize and have taken into account the uncertain outcome and risks associated with litigation and class actions in general, and this Action in particular, as well as the difficulties and delays inherent in any such litigation. Defendants continue to deny that they are liable under these statutes or any other law or regulation for any violation, or that this case is properly certifiable as a class action. However, Defendants have

settled this case to buy their peace and to avoid the uncertainties and costs of continued litigation. As such, the Parties mutually agree to this Motion.

## II.    THE SETTLEMENT

Five representative Plaintiffs filed their Class Action Complaint on October 25, 2023 alleging violations of federal and state statutes and state common law. (Doc. 1.) To enable the parties to engage in discussions around potential early resolution of this case, on January 31, 2024, this Court issued an Order granting Defendants' Consent Motion for Extension of Deadlines, (Doc. 23), thereby extending the Parties dismissal briefing deadlines and other deadlines imposed by this Court's local rules and the Federal Rules of Civil Procedure. The Parties thereafter exchanged informal discovery including Defendants' production of voluminous employment records and other relevant documents, and Plaintiffs' exchanging preliminary damages calculations. The Parties agreed to engage in early mediation of this case and requested an Order staying all deadlines in this case though May 31, 2024. (Doc. 24.) The Parties' motion was granted and this Action was stayed until May 31, 2024. (Doc. 25.) On April 22, 2024, the Parties held mediation conducted by Christopher Parker and as result of the mediation a tentative settlement of the case was reached. The Parties subsequently requested, on June 14, 2024, (Doc. 30), an extension of time to file these proposed settlement

papers, and, on June 17, 2024, the Court granted the Parties requested extension through July 19, 2024. (Doc. 31.)

The essential terms of the Settlement Agreement are as follows:

**A.    Class Definition.**

The Settlement Class agreed to is as follows:

> All individuals who, between October 25, 2019 and the present, (1) were recruited by SPJ or Allswell, (2) were employed at SL Alabama at its production facility on an hourly basis, (3) directly received wages from SL Alabama; and (4) were TN visa holders.

(Attachment A, ¶ 8.)

**B.    Gross Settlement Fund.** Subject to final court approval, Class Counsel has secured a settlement of Plaintiffs' claims on a class wide basis for significant monetary relief of $1,200,000.00 (the "Gross Settlement Fund") inclusive of all attorney's fees, expenses and costs as discussed below. Defendant SL Alabama will pay a total of $900,000 of the Gross Settlement Fund. Defendant Allswell (on behalf of itself and Defendants SPJ and Lee) will pay a total of $300,000 of the Gross Settlement Fund inclusive of all court costs and attorneys' fees. Each Class Member who does not opt out or request to be excluded from the Settlement (hereafter "Settlement Class Members") will receive monetary compensation. (Attachment A, ¶ 16.)

**C.** The **Gross Settlement Fund** is not reversionary, meaning that the funds will be paid to all Settlement Class Members. For funds that cannot be distributed or checks that are not negotiated by Settlement Class Members, the excess of funds will be donated to Tapestri, Inc., a 501(c)(3) non-profit organization, to be earmarked for its Anti-Human Trafficking Program.

**D.    Releases.**

In exchange for the above benefits, Settlement Class Members will provide to Defendants general releases of any and all known or unknown claims arising out of or relating to the Settlement Class Members' recruitment and employment as of the Effective Date of the Settlement Agreement. (Attachment A, ¶ 15.)

**E.    Notice and Administration.**

The Settlement provides for appropriate notice to the Class Members. The parties will work jointly to administer the notice and the claims process. (Attachment A, ¶ 10.) The Notice program will consist of the following:

a.    The Parties prepared a long form Notice of Pendency of Class Action, Proposed Settlement and Hearing ("Long Form"). The Long Form Notice sets forth in some detail the history of the litigation and the settlement. The proposed Long Form will be provided in English and Spanish. It is attached hereto in English. Attachment A at Exhibit B.

The notice is to be distributed as follows:

i.    Within 10 days from the entry of the Preliminary Approval Order, Defendants shall provide Class Counsel with the last known mailing addresses, emails,

5

> phone numbers, and WhatsApp numbers of all Class Members.
>
> ii. The Long Form Notice will be mailed and sent electronically as an attachment and/or linked file via email (for known emails), WhatsApp (for class members with WhatsApp accounts associated with their mobile phone numbers), and text messaging (for class members without associated WhatsApp accounts).
>
> iii. Defendant SL Alabama will provide a physical copy of the Long Form Notice to all Class Members currently employed with SL Alabama and working at its production facility in Alexander City, Alabama as of the Effective Date of the Settlement Agreement.

(Attachment A, ¶ 10.)

### F.    Attorney's Fees and Expenses.

Defendants agree that out of the Gross Settlement Fund there will be paid attorney's fees and expenses to Class Counsel and Defendants will not oppose or object to Class Counsels' application for all attorneys' fees, costs and expenses in an amount up $220,000.00, subject to Court approval. (Attachment A, ¶ 27.) The Agreement with respect to attorneys' fees, costs and expenses was negotiated after the substantive terms of the settlement and were negotiated and agreed upon during the mediation.

## III.    THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED

### A.    Settlement and Class Action Approval Process.

"Public policy strongly favors the pretrial settlement of class action lawsuits." In re United States Oil and Gas Litig., 967 F.2d 489, 493 (11th Cir. 1992). Settlement "has special importance in class actions with their notable uncertainty, difficulties of proof, and length. Settlements of complex cases contribute greatly to the efficient utilization of scarce judicial resources, and achieve the speedy resolution of justice . . ." Behrens v. Wometco Enters., Inc., 118 F.R.D. 534, 538 (S.D. Fla. 1988), aff'd, 899 F.2d (11th Cir. 1990) (citations omitted). Judicial review of a proposed class action settlement is a two-step process: preliminary approval and a subsequent fairness hearing. Holman v. Student Loan Xpress, Inc., 2009 WL 4015573, at *4 (M.D. Fla. Nov. 19, 2009); see also Manual for Complex Litigation, § 21.632 (4th ed. 2006); Jones v. Commerce Bancorp Inc., 2007 WL 2085357, at *2 (D.N.J. July 16, 2007).

In the first step of the process, a court should make a preliminary evaluation of the fairness of the settlement before directing that notice be given to the Settlement Class. Jones, 2007 WL 2085357, at *2. The factors considered are (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense, and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at

which the settlement was achieved. <u>Bennet v. Behring Corp.</u>, 737 F.2d 982, 986 (11th Cir. 1984). "Preliminary approval is not binding, and it is granted unless a proposed settlement is obviously deficient." <u>Jones</u>, 2007 WL 2085357 at *2. Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason. <u>Id.</u>; <u>see also</u>, <u>In re Nasdaq Market-Makers Antitrust Litig.</u>, 175 F.R.D. 99, 102 (S.D.N.Y. 1997).

**B.  The Settlement Factors.**

The proposed Settlement Agreement satisfies all of the factors to be considered for preliminary approval under Rule 23.

  i.  The Settlement Agreement is the product of an informed arms-length negotiation by experienced counsel. <u>See</u> <u>Hughes v. Microsoft Corp.</u>, 2001 WL 34079697, at *7 (W.D. Wash. Mar. 26, 2001) ("In determining whether to approve a settlement, the Court keeps in mind the unique ability of Class Counsel to assess potential risks and rewards of litigation."). Settlement negotiations occurred with an experienced mediator with class settlement experience and included an "all day" face-to-face mediation session.

  ii. The Settlement Agreement falls within the range of possible recovery. Given the difficulties Plaintiffs would have to overcome if

they were to litigate these cases to verdict, the recovery under the terms of the Settlement is fair, adequate, and reasonable. While Plaintiffs and their counsel believe the claims are meritorious, Defendants have raised, and would continue to raise, challenges to Class Certification and to the legal and factual basis for Plaintiffs' claims. Throughout the litigation, and even now, Defendants vigorously deny that they engaged in any misrepresentations or wrongful conduct, and deny that the case can be litigated as a class action under F.R.C.P. 23. Thus, there was no guarantee of Plaintiffs' success at trial, or even that the case would be certified as a litigated class action. The Settlement Agreement proposed by the parties immediately provides the certainty of valuable and substantial benefits to the Settlement Class Members in the form of money. Indeed, the amount of the class benefit is a substantial percentage of what any Settlement Class Member could expect to receive as a successful litigant. The Settlement Class Members will receive a fair percentage of the maximum amount they could possibly receive through successful litigation. Courts have held that class recoveries between 13% and 20% are "frequently found . . . to be fair and adequate." Pardons v. Brighthouse Networks, LLC, 2015 WL

13629647, at *3 (N.D. Ala. Feb. 15, 2015). This case is significantly above those ranges.

iii. The complexity, expense and likely duration of litigation, also weighs heavily in favor of settlement approval. This case is complex and asserts complex federal claims. Plaintiffs and Class Members are Mexican, non U.S. citizens and some no longer reside in the United States.

iv. The next fairness element, the "stage of the proceedings," also weighs in favor of Settlement approval. As outlined above, the Parties are still in the early stages of litigation. The Parties are able to avoid exhausting their resources, such as their expenses and time, and are able to allocate their resources towards settlement promoting resolution of this matter. Accordingly, the early stages of litigation mad settlement more likely.

v. The judgment of experienced trial counsel also weighs in favor of settlement approval. In considering a proposed Settlement, the Court should give the judgment of experienced counsel significant weight. Proposed Class Counsel has extensive experience in class action litigation. Moreover, counsel for Defendants have vast experience in class action litigation, particularly employment related cases. Class Counsel and Defendants' counsel have experience litigating similar

claims under similar facts and are aware of the extensive time it takes to litigate such claims and the costs incurred. Based upon considerable experience in handling cases such as the present case, counsel for Plaintiffs and Defendants are well suited to determine the need and the value of settling litigation such as the present case.

vi. The "nature of the negotiations" also weighs in favor of settlement approval. Plaintiffs and Defendants negotiated over a full day with an experienced mediator. The negotiations were challenging and contentious. Indeed, even now, Defendants deny any wrongdoing, but have agreed to settle in order to resolve the case. The negotiations were at arm's-length and were not a product of collusion.

vii. The "substance and amount of opposition to the settlement" is irrelevant at the preliminary approval stage. Because notice has not yet been provided, there has not been an opportunity for objections.

Substantial evidence supports each of the fairness factors and, in turn, supports preliminary approval of the Settlement. The proposed Settlement also satisfies the preliminary approval test as the Settlement falls "within the range of approval" and the Court should preliminarily approve this Settlement.

C.    <u>**The Requested Attorney's Fees and Representative Award are Fair and Reasonable.**</u>

Subject to final court approval, Class Counsel has secured a settlement of Plaintiffs' claims on a class wide basis for significant monetary relief of $1,200,000.00 (the "Gross Settlement Fund"), $220,000 of which (20%) is to be paid to Class Counsel as attorneys' fees and costs. Defendant SL Alabama will pay a total of $900,000 of the Gross Settlement Fund inclusive of all court costs and attorneys' fees to Plaintiffs' Counsel. Defendant Allswell (on behalf of itself and Defendants SPJ and Lee) will pay a total of $300,000 of the Gross Settlement Fund inclusive of all court costs and attorneys' fees to Plaintiffs' Counsel. The Gross Settlement Fund amount is based on the Parties' estimation of potential damages for each Settlement Class Members.

The parties negotiated this amount with the assistance of Mr. Parker. The attorneys' fees were negotiated after the other material terms of the Settlement were reached. Prior to final approval, Class Counsel will file a separate motion for attorney's fees and expenses describing the reasonableness of their fee and expenses incurred in light of the amount of work performed by counsel, the results obtained, the quality of representation, and the complexity and novelty of the issues presented.

The methodology of the settlement calculations based on the range of time each Class Member worked for Defendant SL Alabama also is reasonable. As noted

in the Settlement Agreement, Class Members who (a) worked fewer than 90 days would receive $16,000 (five Class Members are in this group); (b) worked between 90 and 499 days would receive $34,000 (eighteen Class Members are in this group); and (c) worked 500 days or more would receive $24,000 (twelve Class Members are in this group). This recognizes the likelihood that, if there were a class jury verdict, it is likely class members who worked relatively little time SL Alabama would be awarded reduced damages. Further, Class Members who worked 500 days or more benefitted from significantly higher wages and improved working conditions, thereby mitigating their potential damages.

    **D.**    **The Proposed Notice Plan is Adequate.**

The Parties have developed a Notice Plan that relies upon distribution to the last known addresses and emails and communications through WhatsApp and/or last known telephone numbers of the Class Members. In addition, SL Alabama will provide notice directly to presently employed Class Members as of the Effective Date of the Settlement Agreement.

Rule 23(c)(2)(B) requires (for a class action under Rule 23(b)(3) like this one) the "best practicable notice under the circumstances, including individual notice to all members who can be identified through reasonable effort." Here, a large portion of the class live in Mexico and are no longer employed at SL Alabama. However, SL Alabama, SPJ and Allswell each have several forms of contact information for

13

the Settlement Class that may be used to adequately provide notice. Approximately, 12 of the 35 Class Members remain employed with SL Alabama and can be provided Notice directly and via other mail and electronic mail forms. These methods allow for targeted notice and will be more effective than other methods contemplated by the parties.

The Long Form Notice described above provides all pertinent information and fully informs the Class Members of this litigation, the Settlement and what actions they may take. The notices are clear and straightforward, providing putative Class Members with enough information to evaluate the settlement and object to or opt-out of the settlement if desired. This comprehensive plan is adequate under Rule 23(c)(2). *See Borcea v. Carnival Corp.*, 238 F.R.D. 664, 677 (S.D. Fla. 2006).

**E.** **The Proposed Settlement Class Meets All the Requirements For Class Certification of a Settlement Class Pursuant to Rule 23(a).**

"A class may be certified 'solely for purposes of settlement where a settlement is reached before a litigated determination of the class certification issue." Lipuma v. Am. Express Co., 406 F. Supp. 2d 1298, 1313-14 (S.D. Fla. 2005) (citation omitted). However, the Court must also determine whether the proposed settlement class satisfies the requirements for class certification under Rule 23. Pursuant to Federal Rule of Civil Procedure 23(a), a class can only be certified if there is numerosity,

commonality, typicality, and adequacy of representation. In addition, because a Rule 23(b)(3) "opt-out" Settlement Class is requested, at least one of the requirements of Rule 23(b)(3) must be satisified.[3]

To meet the numerosity requirement, the number of class members must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). There are thirty-five (35) identified Class Members. "[W]hile there is no fixed numerosity rule, 'generally less than twenty-one [persons] is inadequate, [but] more than forty [is] adequate, with numbers between varying according to [the] other factors.'" Gamache v. Hogue, 338 F.R.D. 275, 286 (M.D. Ga. 2021) (citing Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1553 (11th Cir. 1986). Here, the Class Members' permanent homes are in Mexico (TN nonimmigrant status allows only temporary entry into the United States), and many currently reside throughout Mexico. All class members speak Spanish, none are native English speakers, and few can communicate fluently in English. For most of the Class Members, their employment with SL Alabama was their first time entering the United States, and they have very limited familiarity with the U.S. legal system. Combined, these factors make joinder of thirty-five Class Members impracticable. See, e.g., Kilgo v. Bowman Transp., Inc., 789 F.2d 859, 878 (11th Cir. 1986) (upholding certification of 31-member class from a "wide geographical area"); Moreno-Espinosa v. J & J Ag Prods., Inc., 247 F.R.D. 686, 688 (S.D. Fla. 2007) (certifying class of 38 migrant workers; considering, *inter*

*alia*, geographic dispersion, unfamiliarity with the legal system, and lack of English language) (citing Salas–Mateo v. Ochoa, 2004 WL 1824124, at *2 (S.D. Fla. 2004)).

To satisfy the commonality requirement of Rule 23(a)(2), there must be at least one question of law or fact common to the class. Fed. R. Civ. P. 23(a)(2); Fabricant v. Sears Roebuck & Co., 202 F.R.D. 310, 313 (S.D. Fla. 2001); Ass'n for Disabled Ams., Inc. v. Amoco Oil Co., 211 F.R.D. 457, 463 (S.D. Fla. 2002). The overriding and dispositive question in this case is whether the Defendants made material misrepresentations to Plaintiffs during their recruitment and procurement of their TN visa.  This question is common of every putative Class Member.

To satisfy the typicality requirement of Rule 23(a)(3), the claims of the Class Representatives must be "typical of the claims or defenses of the class." "[T]ypicality requires a nexus between plaintiff's claims or defenses and the common questions of fact or law which unite the Settlement Class." Fabricant, 202 F.R.D. at 313. This requirement is satisfied in that Plaintiffs' claims are typical of the Class Members' claims because the legal theories and supporting facts relied upon by both Plaintiffs and the putative Settlement Class are substantially similar and all arise out of their recruitment by SPJ and/or Allswell and their employment SL Alabama.

To satisfy the adequacy requirement of Rule 23(a)(4), two components must be met: (1) Plaintiff (as Class Representative) must have no interest antagonistic to the class, and (2) Class Counsel must possess the competence to undertake the

litigation. <u>Fabricant</u>, 202 F.R.D. at 314. Plaintiffs are adequate to serve as Class Representatives. With respect to the class claims, Plaintiffs have no interests that are adverse or antagonistic to the interests of the Settlement Class. All Settlement Class Members will benefit equally from the relief provided by Settlement of these cases. Moreover, the Plaintiffs are represented by counsel experienced in complex litigation, who have no interests in conflict with the interests of members of the proposed Settlement Class, who together with Plaintiffs have displayed their commitment to representing the interests of members of the Settlement Class during the course of litigation to date, and who will fairly and adequately protect the interests of the Settlement Class.  <u>See Kirkpatrick v. J.C. Bradford & Co.</u>, 827 F.2d 718, 726 (11th Cir. 1985).

      **F.**    <u>**Proposed Class Counsel are Also Adequate**</u>.

Proposed Class Counsel have extensive experience handling complex class actions and have demonstrated a willingness to vigorously prosecute the class claims. Over the course of these cases, proposed Class Counsel have drafted various pleadings; briefed and researched key issues for the Court's consideration; requested and reviewed significant preliminary information from Plaintiffs; led Plaintiffs' mediation efforts; represented the interests of the Settlement Class in contested negotiations; and coordinated the efforts of Plaintiffs. All of this culminated in this settlement.

The proposed Settlement Class also meets the requirements of Rule 23(b)(3) because (1) common questions of the class predominate over questions that affect individual members and (2) class resolution is superior to other available methods. The class action device is superior, particularly in a case where it a potential common or practice is present. Plaintiffs are also Mexican, Non-U.S. citizens and it would be difficult for them to pursue litigation on their own. Herman v. Seaworld Parks & Entmt., Inc., 370 F.R.D. 271, 299 (M.D. Fla. 2017) ("The focus of superiority analysis is on the relative advantage available to the plaintiffs"); Klay v. Humana, Inc., 382 F.3d 1241, 1269 (11th Cir. 2004).

## IV.    CLASS COUNSEL ARE QUALIFIED TO SERVE THE CLASS

Daniel Werner of Radford Scott, LLP, Rachel Berlin and Brian J. Sutherland of Beal Sutherland Berlin & Brown, LLC and Christopher B. Hall of Hall & Lampros, LLP should be appointed Settlement Class Counsel and have extensive experience handling complex litigation and consumer class actions. Moreover, they have diligently and properly litigated these matters and negotiated this excellent resolution for the Settlement. Accordingly, for the purposes of Rule 23(g), Plaintiffs' counsel should be appointed as Class Counsel.

## V.    THE PROPOSED SCHEDULE OF EVENTS

The Parties proposes the following schedule for the Settlement-related events in this case. The proposed dates are respectfully requested.

1. Within 10 days from the entry of the Preliminary Approval Order, Defendants shall provide Class Counsel with the last known mailing addresses, emails, phone numbers, and WhatsApp numbers of all Class Members;

2. Within 30 days from the entry of the Preliminary Approval Order: (i) The Plaintiffs will mail, email, and send by WhatsApp the Long Form Notice of the Settlement Agreement to all Class Members; and (2) Defendant SL Alabama will provide the Long Form Notice to Class Members employed with SL Alabama as of the Effective Date of the Settlement Agreement.

3. Deadline for submitting exclusion requests or objections – 30 days before Fairness Hearing.

4. Filing of papers in support of Final Approval and Class Counsels' Application for Attorney's Fee and Expenses – 45 days before the Final Approval Hearing.

5. Filing of Parties' reply briefs and responses to objections – 10 days before the Fairness Hearing.

6. Final Approval Hearing – 120 days after entry of the Preliminary Approval Order.

## VI.   CONCLUSION

For the foregoing reasons Plaintiffs request that Court to enter an Order: (1) staying all proceedings in this case; (2) certifying the proposed Settlement Class and (3) preliminarily approving settlement.

Respectfully submitted on July 19, 2024.

s/ Michael L Lucas
Michael L. Lucas (*pro hac vice*)
Ingu Hwang
Allison Hawkins (*pro hac vice*)

BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
T (205) 251-3000
F (205) 458-5100
mlucas@burr.com
ihwang@burr.com
ahawkins@burr.com


*s/ Jon M. Gumbel*
Jon M. Gumbel
Georgia - GA Bar #315195
BURR & FORMAN LLP
171 17th Street, NW
Suite 1100
Atlanta, GA 30363
T (404) 815-3000
F (404) 817-3244
jgumbel@burr.com

*Attorneys for Defendant*
*SL ALABAMA, LLC*

*s/ John S. Gibbs, III*
John S. Gibbs, III
Troutman Pepper Hamilton Sanders, LLP
600 Peachtree Street, NE Suite 300
Atlanta, Georgia 30308
T (404) 885-3093
evan.gibbs@troutman.com

*Attorneys for Defendants SPJ Connect,*
*Inc., GB2G, Inc. and Youngjin Lee*

*s/ Daniel Werner*
Daniel Werner
Georgia Bar No. 422070
dwerner@radfordscott.com
James Radford

20

Georgia Bar No. 108007
jradford@radfordscott.com
RADFORD SCOTT, LLP
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030
T (678) 271-0300
F (678) 271-0314

_s/ Rachel Berlin Benjamin_
Rachel Berlin Benjamin
Georgia Bar No. 707419
rachel@beal.law
Brian J. Sutherland
Georgia Bar No. 105408
brian@beal.law
BEAL SUTHERLAND BERLIN &
BROWN LLC
2200 Century Parkway NE, Suite 100
Atlanta, GA 30345
T (404) 476-5305

_s/ Christopher B. Hall_
Christopher B. Hall
Georgia Bar No. 318380
chall@hallandlampros.com
HALL & LAMPROS, LLP
300 Galleria Parkway, Suite 300
Atlanta, GA 30339
T (404) 876-8100
F (404) 876-3477

_Attorneys for Plaintiffs_

## CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that on July 19, 2024, I prepared the foregoing Joint Motion for Preliminary Approval of Settlement in Book Antiqua, 13-point type in accordance with L.R. 5.1(C). I further certify that I electronically filed the foregoing with the Clerk of the Court through the CM/ECF system, which will automatically generate notice of such filing to the attorneys of record.

*s/ Michael L. Lucas*
Michael L. Lucas (*pro hac vice*)
Attorney for Defendant
SL Alabama, LLC