IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| CESAR EDUARDO BASTIDAS PEREGRINA, JOSE LUIS MARTINEZ VASQUEZ, ALBERTO VAZQUEZ GARCIA, JESUS ABNERT HERNANDEZ NUNEZ, AND SEBASTIAN GUTIERREZ HERNANDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SL ALABAMA, LLC; GB2G, INC. d/b/a ALLSWELL; SPJ CONNECT INC.; and YOUNGJIN LEE, individually.<br><br>Defendants. | CIVIL ACTION FILE NO.:<br><br>3:23-cv-00206-TCB-RGV |

**JOINT MOTION FOR FINAL ORDER
APPROVING CLASS ACTION SETTLEMENT**

COME NOW, Plaintiffs Cesar Eduardo Bastidas Peregrina, Jose Luis Martinez Vasquez, Alberto Vazquez Garcia, Jesus Abnert Hernandez Nunez and Sebastian Gutierrez Hernandez (the "Plaintiffs") and SL Alabama, LLC, GB2G, Inc. d/b/a Allswell, SPJ Connect, Inc. and YoungJin Lee (together the "Defendants") and jointly move for a Final Order Approving Class Action

1

Settlement. There have been no objections to the settlement and no requests for exclusion from the settlement.

Plaintiffs and Defendants (together, "the Parties") respectfully request the Court grant final approval of the proposed class action settlement described in detail in the Class Action Settlement Agreement and exhibits thereto, Doc. 32-1 ("Settlement Agreement"), which are incorporated by reference, and enter the proposed Order and Final Judgment affixed hereto as Exhibit 1 or a substantively similar order.

## I. Facts

This is a complex class action alleging violations of the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Trafficking Victims Protection Act ("TVPA"), the Georgia Racketeer Influenced and Corrupt Organizations Act ("State RICO"), and 42 U.S.C. § 1981 ("Section 1981"), breach of contract, and collective action claims pursuant to the Fair Labor Standards Act ("FLSA"). The claims arise from Plaintiffs' allegations that Defendants engaged in a scheme to solicit and hire professional-level Mexican engineers and technicians for non-existent engineer and technician jobs; to assist the engineers and technicians with securing the TN visas by submitting fraudulent documents to the U.S. government; and then, when the foreign workers arrived in the United States, to switch the job to a manual labor job with lower and discriminatory pay and

excessive mandatory work hours. (Doc. 1, "Complaint," ¶ 5). Defendants deny Plaintiffs' allegations.

On January 31, 2024, to enable the Parties to engage in discussions for potential early resolution of this case, this Court issued an Order granting Defendants' Consent Motion for Extension of Deadlines (Doc. 23), thereby extending the Parties' dismissal briefing deadlines and other deadlines imposed by this Court's local rules and the Federal Rules of Civil Procedure. The Parties thereafter exchanged informal discovery. Defendants produced voluminous employment records and other relevant documents, and Plaintiffs provided Defendants with multiple preliminary damages calculations.

The Parties agreed to engage in early mediation of this case and requested an Order staying all deadlines through May 31, 2024. (Doc. 24). The Court granted the Parties' motion and stayed this action until May 31, 2024. (Doc. 25). On April 22, 2024, the Parties attended a mediation conducted by Christopher Parker and, as a result of the mediation, reached a tentative settlement of the case. (Doc. 35-1, "Declaration of Christopher Hall," ¶ 26). The Parties subsequently requested, on June 14, 2024 (Doc. 30), an extension of time to file these proposed settlement papers, and on June 17, 2024, the Court granted the requested extension, postponing the deadline to July 19, 2024 (Doc. 31).

The Parties reached a settlement and filed a motion for preliminary approval on July 19, 2024. (Doc. 32). On July 25, 2024, the Court issued an Order granting preliminary approval and directing that class notice be sent to Class Members according to the procedure set forth in the Settlement Agreement. (Doc. 33, "Preliminary Approval Order")

The Parties have complied with the Preliminary Approval Order. Notice of the settlement was made to the 35 Class Members by text, email, and/or WhatsApp on August 5-8, 2024, and by mail on August 19, 2024. (Exhibit 2, "Declaration of Daniel Werner," ¶¶ 7-15). The notice was in the same form approved by the Court, it explained the settlement terms, and it identified the settlement amounts and requested attorneys' fees and costs. (Werner Decl. ¶ 8). The deadline to object or request exclusion was September 20, 2024. (*Id.* ¶ 18; Preliminary Approval Order ¶18, 20). There have been no objections to the settlement or requests for exclusion. (Werner Decl. ¶ 19). Further, as of the date of this Motion, twenty-eight of the thirty-five Class Members have completed, signed, and returned Settlement Distribution Forms to Class Counsel. (Werner Decl. ¶ 16).

Plaintiffs filed their Unopposed Motion for Attorneys' Fees and Costs on September 6, 2024, which was 14 days before the deadline to object or request exclusion. (Doc. 35).

4

## II. The Settlement Agreement

The essential terms of the Settlement Agreement preliminarily approved by the Court are as follows:

### A. Class Definition

The Settlement Class is as follows:

> All individuals who, between October 25, 2019 and the present, (1) were recruited by SPJ or Allswell, (2) were employed at SL Alabama at its production facility on an hourly basis, (3) directly received wages from SL Alabama; and (4) were TN visa holders.

(Settlement Agreement ¶ 8).

### B. Creation of Gross Settlement Fund

Subject to final court approval, Class Counsel has secured a settlement of Plaintiffs' claims on a class wide basis for significant monetary relief of $1,200,000.00 (the "Gross Settlement Fund") inclusive of all attorneys' fees, expenses and costs, as discussed below. Defendant SL Alabama will pay a total of $900,000 of the Gross Settlement Fund. Defendant Allswell (on behalf of itself and Defendants SPJ and Lee) will pay a total of $300,000 of the Gross Settlement Fund. Each Class Member who does not opt out or request to be excluded from the settlement (hereafter "Settlement Class Members") will receive monetary compensation. (Settlement Agreement ¶ 16).

Class Member distribution is as follows: (a) the five Class Members who worked fewer than 90 days (Group 1) will receive $16,000.00; (b) the eighteen Class

Members who worked between 90 and 499 days (Group 2) will receive $34,000.00; and (c) the twelve Class Members who worked 500 days or more (Group 3) will receive $24,000.00.[1] This recognizes the likelihood that, if there were a class jury verdict, it is likely class members who worked relatively little time SL Alabama would be awarded reduced damages. Further, Class Members who worked 500 days or more benefitted from significantly higher wages and improved working conditions, thereby mitigating their potential damages.

The Gross Settlement Fund is not reversionary, meaning that the funds will be paid to all Settlement Class Members. Any funds that cannot be distributed and any checks that are not negotiated by Settlement Class Members will be donated to Tapestri, Inc., a 501(c)(3) non-profit organization, to be earmarked for its Anti-Human Trafficking Program.

### C. Releases.

In exchange for the above benefits, Settlement Class Members will provide to Defendants general releases of any and all known or unknown claims arising

---

[1] The respective total amounts for each Class Member group, as well as the requested attorneys' fees and costs, are:

```
Group 1:    $16,000 x 5 Class Members   = $  80,000
Group 2:    $34,000 x 18 Class Members  = $ 612,000
Group 3:    $24,000 x 12 Class Members  = $ 288,000
Attorneys' Fees and Costs               = $ 220,000
TOTAL:                                    $1,200,000
```

out of or relating to the Settlement Class Members' recruitment and employment as of the Effective Date of the Settlement Agreement. (Settlement Agreement ¶ 15).

### D.  Notice and Administration

The Settlement Agreement provides for appropriate notice to the Class Members. The Parties worked jointly to administer the notice and the claims process. (Werner Decl. ¶ 3-15). The declaration of Daniel Werner identifies the notice provided to Class Members. (Werner Decl. ¶ 8).

### E.  Attorneys' Fees and Expenses

The Settlement Agreement provides for the payment of attorneys' fees and expenses out of the Gross Settlement Fund. (Settlement Agreement ¶ 27). Defendants agreed not to oppose or object to Class Counsels' application for all attorneys' fees, costs and expenses in an amount up to $220,000.00, subject to Court approval. (Settlement Agreement ¶¶ 27.1). The attorneys' fees, costs and expenses were negotiated after the substantive terms of the settlement and were negotiated and agreed upon during the mediation. (Hall Decl. ¶ 48; Doc. 35-4, "Declaration of Christopher Parker," ¶ 12). On September 6, 2024, Class Counsel filed an Unopposed Motion for Attorneys' Fees and Costs. (Doc. 35).

## III.  The Court Properly Certified the Settlement Class

The Court's Preliminary Approval Order properly certified the Settlement Class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). The grounds supporting

certification and proper notice are set out in the Joint Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class. (Doc. 32).

## IV. The Parties Provided Robust Notice to Class Members

Class Counsel provided class notice pursuant to the Preliminary Approval Order and such notice was the best notice practicable. The provision of Notice included sending the notice by direct mail, email, text and WhatsApp. (Werner Decl. ¶¶ 7-15).

The notice provided Class Members with the terms of the settlement, including the amounts of recovery and the attorneys' fees and costs. *Id.* ¶ 8. No Class Member objected to the Settlement or requested to be excluded. *Id.* 19.

## V. The Court Should Grant Final Approval of the Settlement Agreement

Both Eleventh Circuit case law and the text of Rule 23 itself provide factors for determining whether a settlement should be approved under Rule 23. Those factors indicate that the settlement is fair and reasonable and should be approved by the Court.

### A. Legal Standard

Consistent with the Eleventh Circuit's strong preference in favor of settlement of class litigation, a court should approve a class action settlement under Rule 23 if it is "fair, adequate, reasonable, and not the product of collusion."

*Leverso v. SouthTrust Bank*, 18 F.3d 1527, 1530 (11th Cir. 1994); *In re S. Co. S'holder Derivative Litig.*, No. 1:17-CV-725-MHC, 2022 WL 4545614, at *5 (N.D. Ga. June 9, 2022). Rule 23(e)(2) specifies that settlements may be approved if the settlement class was adequately represented, the settlement was negotiated at arm's length, and the relief provided is adequate, taking into account factors such as the risk of litigation, method for processing class members' claims, and agreements concerning attorneys' fees. Fed. R. Civ. P. 23(e)(2). In *Bennett v. Behring Corp.*, the Eleventh Circuit outlined factors relevant to determining whether a settlement is fair and reasonable under Rule 23(e):[2]

> (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

737 F.2d 982, 986 (11th Cir. 1984); *see also Leverso*, 18 F.3d at 1530 n.6 (11th Cir. 1994); *In re S. Co. S'holder Derivative Litig.*, 2022 WL 4545614, at *5. A court's determination

---

[2] At the time *Bennett* was decided and set forth the standard for whether settlement agreements are "fair, reasonable, and adequate," there were no textual factors from Rule 23(e) guiding the analysis. In 2018, the Rule was amended to add the referenced textual factors. The Parties address the Rule 23 textual factors and the *Bennett* factors here.

concerning whether to approve a settlement as fair, adequate, and reasonable is subject to review under an abuse of discretion standard. *Bennett,* 737 F.2d at 987.

### B. Fed. R. Civ. P. 23(e)(2) Factors Favor Final Approval of the Settlement Agreement

The Rule 23(e)(2) factors favor settlement. Class Representatives and Class Counsel have adequately represented the class by negotiating a favorable settlement providing substantial relief to all Class Members without requiring that they make claims.

The Settlement Agreement is the product of an informed arms-length negotiation, without collusion, by experienced counsel. *See Hughes v. Microsoft Corp.*, C93-0178C, 2001 WL 34079697, at *7 (W.D. Wash. Mar. 26, 2001) ("In determining whether to approve a settlement, the [c]ourt keeps in mind the unique ability of [c]lass [c]ounsel to assess potential risks and rewards of litigation."). Settlement negotiations occurred with an experienced mediator with class settlement experience and included an "all day" face-to-face mediation session. (Hall Decl. ¶ 26; Parker Decl. ¶ 9). The "nature of the negotiations" therefore also weighs in favor of settlement approval. Plaintiffs and Defendants negotiated over a full day with an experienced mediator.

The relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-

member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3). As shown above, each Class Member will receive between $16,000.00 and $34,000.00 for uncertain claims that could take years to fully litigate. (Hall Decl. ¶¶ 34-36, 89).

The method of distribution is well thought out and takes into consideration that some Class Members are in Mexico. There is no requirement for Class Members to make claims, and the Gross Settlement Fund is non-reversionary. The request for attorneys' fees of $218,554.28 ($220,000.00 minus $1,445.72 in expenses), which is only 18.21 percent of the common fund, is reasonable. Class Counsel's lodestar at the time of the Motion for Attorneys' Fees (Doc. 35) was $176,747.00, which provides a multiplier of 1.24. Plaintiffs submit that the fees requested are reasonable and refer the Court to their Motion for Attorneys' Fees and Costs relating to the fee factor. (Doc. 35). There are no other agreements required to be identified under Rule 23(e)(3).

The Settlement treats class members equitably relative to each other. Class Counsel took care to ensure equitable treatment between Class Members based on their length of employment. This Class Member allocation recognizes that, if there were a class jury verdict, it is likely Class Members who worked relatively little time at SL Alabama would be awarded reduced damages. *Id.* It also

recognizes that Class Members who worked 500 days or more benefitted from significantly higher wages and improved working conditions, mitigating their potential damages. *Id.* No Class Members objected to the distribution model. *Id.*

The Settlement therefore should be approved based on the textual factors of Fed. R. Civ. P. (e)(2).

### C. The *Bennett* and *Leverso* Factors Favor Final Approval of the Settlement Agreement.

The Settlement also should be approved based on the six factors listed by the Eleventh Circuit in *Bennett* and *Leverso*. *Bennett*, 737 F.2d at 986; *Leverso*, 18 F.3d at 1530 n.6.

**1. Likelihood of Success at Trial (factor 1):** The Settlement Agreement provides relief that Class Counsel believe exceeds the likely recovery at trial. Given the difficulties Plaintiffs would have to overcome if they were to litigate these cases to verdict, the recovery under the terms of the Settlement is fair, adequate, and reasonable. While Plaintiffs and their counsel believe the claims are meritorious, Defendants have raised, and would continue to raise, challenges to Class Certification and to the legal and factual basis for Plaintiffs' claims. Throughout the litigation, and even now, Defendants vigorously deny that they engaged in any misrepresentations or wrongful conduct and deny that the case can be litigated as a class action under Fed. R. Civ. P. 23. There was no guarantee or certainty of Plaintiffs' success at trial or that the case would be certified as a litigated

12

class action. The Settlement Agreement proposed by the Parties immediately provides the certainty of valuable and substantial benefits to the Settlement Class Members in the form of money.

**2. Range of recovery and the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable (factors 2 and 3).** The amount of the class benefit is a substantial percentage of or more than what any Settlement Class Member could expect to receive as a successful litigant. Class Counsel believe that the Settlement Agreement provides recovery to Settlement Class Members that approximates what the Class Members would receive if successful at trial.

The Settlement Class Members will receive a fair percentage of the maximum amount they could possibly receive through successful litigation. Courts have held that class recoveries between 13% and 20% are "frequently found . . . to be fair and adequate." *Pardons v. Brighthouse Networks, LLC*, 2015 WL 13629647 at *3 (N.D. Ala. Feb. 15, 2015). This Settlement Agreement provides recovery significantly above that range and is therefore fair, adequate, and reasonable.

**3. The complexity, expense, and likely duration of litigation (factor 4),** also weigh heavily in favor of settlement approval. Plaintiffs assert complex federal claims. Plaintiffs and Class Members are Mexican, non-U.S. citizens and many no longer reside in the United States. Class Counsel would expect the

13

litigation to continue for years. Class certification is always uncertain and can result in substantial delay, including extensive class discovery, certification briefing, and Rule 26(f) petitions. This Settlement Agreement creates a result that will provide significant relief and avoid the expected lengthy litigation.

**4. The substance and amount of opposition to the settlement (factor 5)** support granting final approval. There has been no opposition to the settlement. The deadline to object or request exclusion from the settlement was September 20, 2024. (Doc. 33 ¶18, 20; Werner Decl. ¶ 18). No Class Members objected or requested exclusion. (Werner Decl. ¶ 19).

**5. The stage of proceedings (factor 6)** supports approval of the settlement. Class Counsel and Defendants' counsel have experience litigating similar claims under similar facts and are aware of the legal issues and the extensive time it takes to litigate such claims. (Hall Decl. ¶ 16-21). Based upon considerable experience in handling cases such as the present case, counsel for Plaintiffs and Defendants are well suited to determine the need and the value of settling the present case while it is in its early stages. (*Id.* ¶ 16). The Parties were able to avoid exhausting resources on expenses and attorneys' fees and allocate such resources towards settlement.

Accordingly, the fact that this litigation is in its early stage made settlement more likely and more beneficial for the Class Members, and it weighs in favor of the Court's approval of the settlement.

### D. The Requested Attorneys' Fees are Fair and Reasonable

Plaintiffs filed their Unopposed Motion for Attorneys' Fees and Costs (Doc. 35) on September 6, 2024, which was 14 days before the deadline for objections or requests for exclusion. The Motion for Attorneys' Fees requests attorneys' fees of $218,554.28 ($220,000.00 minus $1,445.72 in expenses), which is 18.21 percent of the common fund. Class Counsel's lodestar at the time of the Motion for Attorneys' Fees was $176,747.00. Since that time, the lodestar has increased and will continue to increase during the approval and distribution process. Plaintiffs submit that the requested fees are reasonable on the grounds set forth in the Unopposed Motion for Attorneys' Fees and Costs.

## VI. CONCLUSION

The Parties respectfully request that the Court grant final approval of the Settlement Agreement and certify the Settlement Class, and enter the Proposed Order attached as Exhibit 1.

Respectfully submitted on October 11, 2024.

*s/ Daniel Werner*
Daniel Werner

Georgia Bar No. 422070
dwerner@radfordscott.com
James Radford
Georgia Bar No. 108007
jradford@radfordscott.com
RADFORD SCOTT, LLP
125 Clairemont Ave.
Suite 380
Decatur, Georgia 30030
T (678) 271-0300
F (678) 271-0314

*s/ Rachel Berlin Benjamin*
Rachel Berlin Benjamin
Georgia Bar No. 707419
rachel@beal.law
Brian J. Sutherland
Georgia Bar No. 105408
brian@beal.law
BEAL SUTHERLAND BERLIN & BROWN LLC
2200 Century Parkway NE, Suite 100
Atlanta, GA 30345
T (404) 476-5305

*s/ Christopher B. Hall*
Christopher B. Hall
Georgia Bar No. 318380
chall@hallandlampros.com
HALL & LAMPROS, LLP
300 Galleria Parkway, Suite 300
Atlanta, GA 30339
T (404) 876-8100
F (404) 876-3477

*CLASS COUNSEL*

*s/ Michael L Lucas*
Michael L. Lucas (*pro hac vice*)

Ingu Hwang  
Allison Hawkins (*pro hac vice*)  
BURR & FORMAN LLP  
420 North 20th Street, Suite 3400  
Birmingham, Alabama 35203  
T (205) 251-3000  
F (205) 458-5100  
mlucas@burr.com  
ihwang@burr.com  
ahawkins@burr.com  


*s/ Jon M. Gumbel*  
Jon M. Gumbel  
Georgia - GA Bar #315195  
BURR & FORMAN LLP  
171 17th Street, NW  
Suite 1100  
Atlanta, GA 30363  
T (404) 815-3000  
F (404) 817-3244  
jgumbel@burr.com  

*Attorneys for Defendant*  
*SL ALABAMA, LLC*  

*s/ John S. Gibbs, III*  
John S. Gibbs, III  
Troutman Pepper Hamilton Sanders, LLP  
600 Peachtree Street, NE Suite 300  
Atlanta, Georgia 30308  
T (404) 885-3093  
evan.gibbs@troutman.com  

*Attorneys for Defendants SPJ Connect, Inc., GB2G, Inc. and Youngjin Lee*

## CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that on October 11, 2024, I prepared the foregoing Unopposed Motion for Final Approval in Book Antiqua, 13-point type in accordance with L.R. 5.1(C). I further certify that I electronically filed the foregoing with the Clerk of the Court through the CM/ECF system, which will automatically generate notice of such filing to the attorneys of record.

*s/ Christopher B. Hall*
Christopher B. Hall
